# UNITED STATES DISTRICT COURT
# DISTRICT OF CONNECTICUT

| | |
|---|---|
| MICHAEL M. SIROIS and<br>ALICIA M. SIROIS<br>    Plaintiffs,<br><br>v.<br><br>USAA CASUALTY INSURANCE COMPANY<br>    Defendant. | No. 3:16-cv-1172 (MPS) |

### RULING ON MOTION TO PRECLUDE EXPERT TESTIMONY

Plaintiffs Michael L. Sirois and Alicia M. Sirois filed this action against their homeowner's insurance provider, USAA Casualty Insurance Company ("USAA"), for failure to pay for damages to the basement walls of their home caused by cracking and deterioration in the concrete. On October 7, 2016, I entered a scheduling order for the case. (ECF No. 22.) The order set discovery to close on October 1, 2017 and required that the damages analysis be completed by April 15, 2017. (*Id.*) After two extensions of time to complete discovery, the Defendant moved for summary judgment on February 28, 2018. (ECF No. 49.) I granted the motion in part and denied it in part on September 18, 2018 (ECF No. 70) and subsequently held a telephonic status conference in which I scheduled jury selection for June 12, 2019. (ECF No. 78.) On the call, defense counsel explained that the Plaintiffs had recently disclosed a new expert on damages and requested an opportunity to take additional discovery. I instructed the parties to file a joint statement proposing an amended schedule for discovery within 14 days. (*Id.*) The Defendant instead filed a motion *in limine* to preclude the Plaintiffs from designating the new expert or relying on his testimony at trial. (ECF No. 80.) I find that the Plaintiffs' disclosure was untimely, but the "extreme sanction of preclusion" is not required to prevent prejudice to the

1

Defendant. *See Outley v. City of New York*, 837 F.2d 587, 591 (2d Cir. 1988). The motion is therefore DENIED.

## I. Discussion

The Federal Rules of Civil Procedure require disclosure of expert testimony "at the times and in the sequence that the court orders," or, in the absence of a court order or stipulation, "at least 90 days before the date set for trial." Fed. R. Civ. P. 26(a)(2)(D)(i). A party that fails to make a timely disclosure "is not allowed to use that information or witness to supply evidence . . . at trial, unless the failure was substantially justified or is harmless." Fed. R. Civ. P. 37(c)(1). Precluding expert testimony is an "extreme sanction," *Outley*, 837 F.2d at 591. Thus, courts must consider the following four factors before imposing it:

> "(1) the party's explanation for the failure to comply with the [disclosure requirement]; (2) the importance of the testimony of the precluded witness; (3) the prejudice suffered by the opposing party as a result of having to prepare to meet the new testimony; and (4) the possibility of a continuance,"

*Vioni v. Providence Inv. Mgmt., LLC*, No. 17-2572-CV, 2018 WL 4353826, at *2 (2d Cir. Sept. 12, 2018). The Plaintiffs do not contend that their expert disclosure was timely. I must therefore determine whether preclusion is required. I consider each of the above factors in turn.

First, the Plaintiffs' explanation for failing to comply with the deadline for disclosure is weak. They assert that parties in this type of concrete-decay case "often, if not routinely, beg off damages discovery until after a decision for the homeowner on summary judgment." (Pl. Brief, ECF No. 85 at 4.) They acknowledge, however, that the parties in this case had no specific agreement to that effect. They never proposed any alternative schedule to the Court, and their usual, informal practices would not excuse noncompliance with a court order or the Federal Rules.

2

Second, the proposed testimony is significant for this case. The parties agree that the Plaintiffs will have the burden of proving that the Defendant's breach of contract caused damages and will need to demonstrate the amount of damages. (Def. Brief, ECF No. 80-2) ("It is axiomatic in a case such as this, a damages claim must be supported by documentation and other relevant evidence.); (Pl. Brief, ECF No. 85) ("Demonstrating damages is an element of a claim for breach of contract.").

Third, the prejudice the Defendant will face in meeting the new testimony is minimal. Current defense counsel received the new expert's damages quote on September 28, 2018 (Def. Email Exchange, ECF No. 80-6 at 1), and the Plaintiffs formally disclosed their intent to call him as an expert on November 9, 2018, (Expert Disclosure, ECF No. 85-2.) The default time for expert disclosure before trial under the Federal Rules is 90 days. Here, the Defendants will have had more than *seven months* to prepare a response to the new expert's testimony. Further, the damages analysis disclosed in the expert's report, dated October 18 but apparently provided to defense counsel on November 9, is not especially complicated: It describes the work to be done in removing the basement walls in the Sirois' home and associated excavation and ancillary work, and provides price estimates. Further, the proposed expert offers new testimony on the *amount* of damages, but the Plaintiffs disclosed their *theory* of damages years ago. (*See* Grandpré Report, ECF No. 80-4 at 4 (expert report dated June 1, 2017 asserting that "the only viable action" to address the concrete damage "is to remove the deteriorated concrete basement walls and replace them."); *see also* Def. Brief, ECF No. 80-2 at 5-6) (quoting Plaintiffs' response to Interrogatory #6 in which they described the process required for removing and replacing the concrete walls and offered a rough estimate of the cost).) Under these circumstances, it strains credulity to assert that deposing the designated expert and retaining an expert to rebut that

witness's testimony could not be accomplished in 90 days. The Defendants have had, and still have, ample opportunity to consider and contest the Plaintiffs' damages claims.

Finally, I will not grant a continuance in this case as I find that no continuance is necessary—the trial date is still nearly five months away. Nonetheless, I will modify the schedule to ensure that the Defendant has an adequate opportunity to contest the opinions of the new expert. The Plaintiffs shall provide a damages analysis by January 31, 2019. The Defendant will have until March 31, 2019 to depose the Plaintiffs' new damages expert and disclose (and provide a report from) a rebuttal expert. The Plaintiffs will have until April 22, 2019 to depose the rebuttal expert. The Joint Trial Memorandum will be due on May 15, 2019. Motions *in limine* will be filed with the Joint Trial Memorandum, and responses will be due by May 22, 2019. The Pre-Trial Conference will be held on May 30, 2019 at 10:00 AM. Jury selection remains scheduled for June 12, 2019.

**II.    Conclusion**

In sum, the first factor weighs in favor of precluding the testimony of the Plaintiffs' proposed expert while the remaining three weigh in favor of allowing it. The disclosure will therefore be allowed notwithstanding my conclusion that it was untimely. The Defendant's motion is DENIED. The schedule will be modified as set forth above.

IT IS SO ORDERED.

/s/
Michael P. Shea, U.S.D.J.

Dated:    Hartford, Connecticut
          January 16, 2019